BISHOP v. AVERILL et ux.

(Circuit Court, D. Washington, E. D. October 5, 1896.)

1. JURISDICTION—CITIZENSHIP.
Allegations that defendant has left the United States, and become permanently domiciled in the dominion of Canada, and now resides there, and intends to become a naturalized citizen of that country, does not show his alienage for the purpose of conferring jurisdiction on the federal court.

2. SAME.
The mere fact that defendants have, by removal from the United States, become residents of a foreign country, does not make them citizens thereof for the purpose of conferring jurisdiction on the federal court.

Action commenced in the superior court of the state of Washington, and removed to this court by the defendants. After his appearance in this court, the plaintiff filed a special plea to the jurisdic-

tion, controverting the allegations of the petition for removal as to the citizenship of the defendants. The case was tried upon this issue, and submitted upon the uncontradicted testimony of the defendant G. W. Averill, showing that he is a citizen of the United States; that he formerly lived in the state of Montana, and was a citizen of that state; that about 15 months prior to the commencement of this action he left Montana, with his family, and became permanently domiciled in the town of Grand Forks, in the province of British Columbia, dominion of Canada, and now resides there, and that he intends to become a naturalized citizen of that country. Remanded.

Danson & Huneke, for plaintiff.
W. T. Stoll, for defendants.

HANFORD, District Judge. In their petition for removal the defendants say: That the controversy in this action "is wholly between citizens of different states, to wit, between your petitioners, G. W. Averill and F. A. Averill, who each aver that at the time of the bringing of this action they were, and still are, citizens of the province of British Columbia, and the plaintiff, who, as your petitioners aver, was then, and still is, a citizen of the state of Montana." There is no ground of jurisdiction in this court, other than the alleged diverse citizenship of the parties. On the question as to the sufficiency of the record to show jurisdiction, I am unable to distinguish this case from Stuart v. City of Easton, 156 U. S. 46, 47, 15 Sup. Ct. 268, in which the supreme court of the United States held that a record showing only that the plaintiff in error was "a citizen of London, England," and that the other party was a corporation of the state of Pennsylvania, failed to show affirmatively the alienage of the plaintiff in error, and therefore failed to show jurisdiction, and for that cause reversed the judgment. It affirmatively appears that the controversy in this case is not between citizens of different states of our own nation, and to sustain the claim of the defendants that this court has jurisdiction we must find as a fact that the defendants are citizens or subjects of a foreign state, or aliens, as I understand the supreme court in the decision above referred to. The province of British Columbia is not a sovereign state. Its government is subordinate to the dominion of Canada, and it owes allegiance to the crown of Great Britain. London has a city government, and may as well be considered a foreign state as the province of British Columbia. If allegiance to the sovereign of Great Britain could not be inferred from the allegation as to citizenship of a party in the case cited, it cannot be so inferred in this case.

On the evidence, also, I must hold that the court does not have jurisdiction. The defendants have, by removal from Montana, lost their citizenship in that state, and they have become residents of a foreign country, but they have not acquired the rights nor assumed the obligations of a new citizenship. Citizenship, and not place of residence, is the test of jurisdiction. Parker v. Overman, 18 How. 137; Robertson v. Cease, 97 U. S. 646; Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966; Horne v. George H. Hammond Co., 155 U. S.

393, 15 Sup. Ct. 167; Stuart v. City of Easton, 156 U. S. 46, 47, 15 Sup. Ct. 268.

The case will be remanded.