RONDOT v. TOWNSHIP OF ROGERS.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1897.)

No. 432.

FEDERAL JURISDICTION—AVERMENT OF ALIENAGE.

In an action in the circuit court against a citizen of the United States, a description of the plaintiff as a "resident of Ontario, Canada, and a citizen of the dominion of Canada and of the empire of Great Britain," is not a sufficient averment that such plaintiff is an alien, and a subject of the queen of England, to show jurisdiction in the circuit court. Stuart v. City of Easton, 15 Sup. Ct. 268, 156 U. S. 46, followed.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

C. A. Lightner, for plaintiff in error.

Henry M. Duffield, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SAGE, District Judge.

TAFT, Circuit Judge. This action was begun in the court below, the circuit court of the United States for the Eastern district of Michigan. The jurisdiction of the court rests upon the sufficiency of the first paragraph of the declaration to show it. That paragraph is as follows:

"Augustus E. Rondot, a resident of Ontario, Canada, and a citizen of the dominion of Canada and of the empire of Great Britain, plaintiff, by Keena & Lightner, his attorneys, comes and complains of the township of Rogers, a corporation organized and existing under the laws of the state of Michigan, and a citizen of said state, and a resident of the Eastern district of Michigan thereof, defendant therein, filing this declaration entering the rule to plead, etc., as commencement of suit of a plea of breach of covenant."

By the first section of the act of March 3, 1875, as amended March 3, 1887, and August 13, 1888, the circuit courts of the United States are given cognizance of controversies between citizens of a state and foreign states, citizens, or subjects in which the matter of dispute exceeds, exclusive of interest and costs, $2,000. The dominion of Canada is a colony of the kingdom of Great Britain and Ireland, and those who enjoy political protection and privileges under the governments of the dominion of Canada and the province of Ontario, and owe allegiance thereto, are subjects of the queen of England: as much so as if they, owing the same allegiance, were residents of London. Hence the right of a Canadian to sue in the courts of the United States must be based on the jurisdiction of those courts to hear and decide controversies between citizens of a state of the United States and foreign subjects, and the correct averment would have been that the plaintiff was a subject of the queen of England, and an alien. This seems a very technical ruling, and it is so; but it is in accordance with a recent decision of the supreme court of the United States upon a similar case. In Stuart v. City of Easton, 156 U. S. 46, 15 Sup. Ct. 268, the chief justice, speaking for the court, said:

"Plaintiff in error is described throughout the record as 'a citizen of London, England,' and the defendants as 'corporations of the state of Pennsylvania.' As the jurisdiction of the circuit court confessedly depended on the alienage of plaintiff in error, and the fact was not made affirmatively to appear, the judgment must be reversed, at the costs of plaintiff in error, and the cause be remanded to the circuit court, with leave to apply for amendment, and for further proceedings."

If the description of a party as a citizen of London, England, does not make his alienage affirmatively to appear, we are unable to see that the description of a party as a citizen of the dominion of Canada and the empire of Great Britain makes such alienage any more clear. It is doubtless true that the plaintiff in error can amend his declaration so as affirmatively to show his alienage, and thus that the same questions will probably be presented on a new trial as now arise upon the record. It would shorten the litigation, therefore, were we now to pass upon the questions raised, but the supreme court has not deemed it proper to take such a course in a case like this. Robertson v. Cease, 97 U. S. 646. The judgment of the circuit court is reversed, at the costs of the plaintiff in error, and the cause is remanded to the circuit court, with leave to apply for amendment, and further proceedings.