### VON VOIGHT v. MICHIGAN CENT. R. CO.

#### (Circuit Court, S. D. New York. May 11, 1904.)

1. JURISDICTION OF FEDERAL COURTS—ALLEGATION OF FOREIGN CITIZENSHIP.
   An allegation that plaintiff is a citizen of the British Empire is not a sufficient allegation that he is an alien, and a citizen or subject of some one foreign state, for the purpose of conferring jurisdiction on a federal court in a suit against a citizen of a state.

2. SAME—DISTRICT OF SUIT—WAIVER OF OBJECTION.
   The right of a defendant to be sued in the district of which he is a resident is not strictly jurisdictional, but is a personal privilege, which may be waived, and which is waived by a general appearance.

On Demurrer to Complaint.

James Donovan, for plaintiff.
Edwin D. Worcester, Jr., for defendant.

HOLT, District Judge. The allegation that the plaintiff is a citizen of the British Empire is not a sufficient allegation that the plaintiff is an alien, and the subject or citizen of some one foreign power. Stuart v. Easton, 156 U. S. 46, 15 Sup. Ct. 268, 39 L. Ed. 341; Rondot v. Township of Rogers, 79 Fed. 676, 25 C. C. A. 145. If the complaint had properly alleged that the plaintiff was an alien, the court, in my opinion, would have jurisdiction. The defendant, being a corporation organized under the laws of Michigan, could object

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

¶ 2. See Appearance, vol. 3, Cent. Dig. § 114; Venue, vol. 48, Cent. Dig. § 49.

to being sued in this district; but the right to be sued in the district of which it is a resident is not strictly jurisdictional, but is a personal privilege, which can be waived. St. Louis, etc., Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659. I think it was waived by a general appearance.

My conclusion is that the demurrer should be sustained, with leave to plaintiff to amend within 20 days upon payment of costs.