## C. H. NICHOLS`LUMBER COMPANY *v.* FRANSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 30.    Argued October 17, 1906.—Decided December 3, 1906.

A declaration that plaintiff is a resident of a State of the Union and a citizen of a foreign country under a monarchical form of government is sufficient to show the meaning of the pleader and the nationality of the plaintiff, and there is no merit in an objection to the jurisdiction of the Circuit Court, diverse citizenship existing, because plaintiff was not a citizen but a subject of the foreign power.

While under the Judiciary Act of 1891, in case of direct review on question of jurisdiction, when the record does not otherwise show how the question was raised, the certificate of the Circuit Court may be considered for the purpose of supplying such deficiency; when the elements necessary to decide the question are in the record the better practice, in every case of direct review on question of jurisdiction, is to make apparent on the record by a bill of exceptions, or other appropriate mode, the fact that the question of jurisdiction was raised, and passed on, and also the elements upon which the question was decided.

THE facts are stated in the opinion.

*Mr. Carroll T. Bond,* with whom *Mr. William L. Marbury* was on the brief, for plaintiff in error:

The allegation of plaintiff's being a citizen of Sweden was not a sufficient allegation for the purposes of jurisdiction in the Circuit Court in a suit between plaintiff and a corporation existing under the laws of Wisconsin. *Stuart* v. *Easton,* 156 U. S. 46; *Hennessy* v. *Richardson Drug Co.,* 189 U. S. 25, 34.

If the allegations in the complaint had been sufficient, as still seems to be supposed, the denial in the first paragraph of the answer would have been sufficient to put those allegations in issue. *Roberts* v. *Lewis,* 144 U. S. 653, 657; *Yokum* v. *Parker,* 130 Fed. Rep. 770; Ballinger's Code, etc., §§ 4907, 4909.

The proof that plaintiff was "from Sweden," and "came from Sweden to Minnesota in 1903," would not be sufficient to support a verdict for the plaintiff. The allegations in the complaint having been denied, it would have been essential to the plaintiff's recovery that he sustain them by proof. The burden of proof would have been upon him to support them by evidence. *Roberts* v. *Lewis,* 144 U. S. 653, 657; *Yocum* v. *Parker,* 130 Fed. Rep. 770.

*Mr. Walter S. Fulton* and *Mr. Martin J. Lund,* for defendant in error, submitted:

The allegation of citizenship negatived the idea that plaintiff was a citizen of the State of Washington. *Stuart* v. *Easton,* 156 U. S. 46, distinguished.

It is no longer necessary to describe a foreign citizen as an alien. Act of March 3, 1891. This statute supersedes the provisions of Rev. Stat. § 629, relating to jurisdiction in civil suits, where an alien was a party, and it is no longer necessary to describe a party as an alien. *Hennessy* v. *Richardson Drug Co.,* 189 U. S. 24.

If diverse citizenship is alleged, it is not put in issue by a general denial. *Adams* v. *Shirk,* 117 Fed. Rep. 801; *Collins* v. *City of Ashland,* 112 Fed. Rep. 175.

Mr. Justice White delivered the opinion of the court.

A motion has been made to dismiss the writ of error, among others, on the ground of the absence of a bill of exceptions and the character of the order appealed from. We pass to the merits of the case without stopping to review the grounds of the motion, as we think they will be substantially disposed of by the views which we shall hereafter express.

By this writ of error the C. H. Nichols Lumber Company seeks the reversal of a judgment obtained by Charles Franson in the Circuit Court of the United States for the Western District of Washington. Considering the record alone, and putting out of view for the moment the effect of statements contained in a certificate made by the court below on the allowance of the writ of error, the case is this: The action was brought to recover for personal injuries alleged to have been sustained while in the employ of the defendant. The jurisdiction of the court below was invoked solely upon the ground of diversity of citizenship, it being alleged in the first paragraph of the complaint that the defendant was a corporation organized under the laws of the State of Washington, and doing business in the State of Washington, and that the plaintiff was at the time of the filing of the complaint, and had been for more than a year prior thereto, "a resident of Washington and a citizen of Sweden." Admitting its incorporation, and that it was doing business in the State of Washington, the defendant, by its answer, specifically denied each and every other allegation of the first as well as other specified paragraphs of the complaint.

The cause was tried to a jury, and, after verdict and remittitur of a portion thereof, a judgment was entered in favor of plaintiff. The record does not contain a bill of exceptions, and in the brief of counsel for plaintiff in error it is stated that none was prepared.

This writ of error, upon the ground solely of a want of jurisdiction in the trial court, was prayed and allowed, and a

formal certificate was made by the judge, reciting the time when and how the question of jurisdiction was raised and decided, accompanied with a statement of the pleadings and of the court's impression of certain testimony given at the trial by the plaintiff, deemed by the court pertinent to the elucidation of the question of jurisdiction. The certificate concludes with the statement of enumerated "questions of jurisdiction," which the court was of opinion arose for decision, all of them being based upon the overruling by the court of a motion to dismiss the action for want of jurisdiction, which motion, it is recited in the certificate, was made between verdict and judgment. And the only ground here assigned as error is predicated upon the action of the court in denying such motion to dismiss.

As the Circuit Court was without power to make a certificate containing a statement of facts as the basis for legal propositions upon which it desired the guidance of this court, *Mexican Central Ry. Co.* v. *Eckman,* 187 U. S. 429; *United States* v. *Rider,* 163 U. S. 132, it follows, speaking in a general sense, that our right to review on a direct proceeding concerning the jurisdiction of that court must depend upon the record and not upon the mere statement of facts made in the certificate prepared by the trial court. Applying this general rule, as it nowhere appears from the record that the issue as to jurisdiction presented by the motion to dismiss, the overruling of which is the sole ground for reversal relied upon in the assignment of error, was made or passed upon by the court, we should be constrained to dismiss this writ of error on the ground that the record did not disclose the presence in the case of the question of jurisdiction which is made the basis of the assignment of error. As, however, under the Judiciary Act of 1891, on a direct review of a question of jurisdiction, the trial judge is authorized to certify as to the existence of such question, we think we may look at his certificate for the purpose of ascertaining when and how the question of jurisdiction was raised, although, for the purpose of deciding the question

shown to have been thus raised, we may not resort to the statements in the certificate for the purpose of supplying elements of decision which we could not properly consider in an action at law without a bill of exceptions. We have said that we may resort to the certificate, in the absence of a proper showing on the record as to when and how the question of jurisdiction was raised and decided, for the limited purpose stated, because the power to do so is implied in a previous decision of the court, *North American &c. Co.* v. *Morrison*, 178 U. S. 262, and because of the general rule that it would be our duty, without action of the trial court or of the parties, to look at the record to determine whether or not the court below had jurisdiction of the action. *Thomas* v. *Ohio State University Trustees*, 195 U. S. 207. It is apparent under the rule we have stated that, whilst we must consider the record for the purpose of determining the question of jurisdiction which the certificate shows adequately to have been raised, we may not consider, in passing upon that question, in the absence of a bill of exceptions, the extraneous matter, such as the testimony of the plaintiff, etc., which forms no part of the record. The question, therefore, for decision under these circumstances is merely this: Does the record show jurisdiction in the court below? This solely depends upon the contention that the allegation in the complaint of the alienage of the plaintiff was insufficient.

The allegation was as follows: "That the plaintiff now is and for more than one year last past has been a resident of Washington and a citizen of Sweden." In brief, the argument is that at the time the action was brought Sweden was under a monarchical form of government, being, jointly with Norway, under the rule of the King of Sweden and Norway, and if the plaintiff owed allegiance to the government of Sweden he was not a "citizen," but a "subject" of that country. It is not, however, disputed that, although at the time of the bringing of this action, Sweden, a limited monarchy, was united to Norway under the same king, and the two countries were

bound to assist each other in the event of war, they were otherwise free and independent. (9 Century Dictionary and Encyclopedia, 969.) The allegation that the plaintiff was a resident of the State of Washington clearly shows that the designation citizen of Sweden was not employed to indicate mere residence, and could only have been intended as a statement of the nationality of the plaintiff, the country to which he bore allegiance. Whether, as contended for the defendant in error, the plaintiff, if he owed allegiance to the ruler of the kingdom of Sweden, was properly described, in the strictest technical sense as a citizen instead of as a subject of Sweden, we need not consider. The meaning of the pleader being evident, the objection is without merit. *Hennessy* v. *Richardson Drug Co.*, 189 U. S. 25.

Whilst we hold that in a case of direct review under the Judiciary Act of 1891, when the record does not otherwise show when and how the question of jurisdiction was raised, the certificate of the Circuit Court may be considered for the purpose of supplying such deficiency when the elements necessary to decide the question are in the record, we deem it the better practice in every case of direct review on a question of jurisdiction to make apparent on the record by a bill of exceptions, or other appropriate mode, the fact that the question of jurisdiction was raised and passed upon and the elements upon which the decision of the question was based.

*Judgment affirmed.*