## MAHONING VALLEY RY. CO. v. O'HARA.

(Circuit Court of Appeals, Sixth Circuit. June 4, 1912.)

### No. 2,204.

1. EXCEPTIONS, BILL OF (§ 38*)—TIME FOR SETTLING.

A judgment is not finally entered until a pending motion for a new trial has been denied, and where such motion is continued, and not passed on until the next term, a bill of exceptions may also be settled at any time during the same term.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 49–53; Dec. Dig. § 38.*

Finality of judgments and decrees for purpose of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

2. COURTS (§ 322*)—JURISDICTION OF FEDERAL COURTS.

An averment in a petition that plaintiff "is now, and at all times hereinafter mentioned was, a citizen of Ireland," while not technically correct, is a sufficient allegation that plaintiff is an alien, for the purpose of showing jurisdiction in a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

196 F.—60

**3. COURTS (§ 280*)—JURISDICTION OF FEDERAL COURTS—HOW SHOWN.**

Where the jurisdiction of a federal court is not challenged by pleading, it sufficiently appears, if it is shown in any part of the record, including the proofs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

**4. CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER ON STREET RAILROAD —SUFFICIENCY OF EVIDENCE.**

An action by a passenger against a street railroad company to recover for injuries received in leaving a car *held* properly submitted to the jury, where the evidence as to the material issues was conflicting.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

**5. TRIAL (§ 295*)—ACTION FOR INJURY TO PASSENGERS—INSTRUCTIONS—CONSTRUCTION.**

Instructions given on the trial of an action for injuries to a passenger on a street railroad considered, and *held* not erroneous, when read together.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

Action at law by Belinda O'Hara against the Mahoning Valley Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was plaintiff in the court below, and recovered against the railway company a judgment for damages from an injury received by her in alighting from the company's street car, in Youngstown, Ohio. Her story was that it was customary to stop the car in front of a certain church; that she expected and desired to alight at that point; that shortly before reaching this point the usual stop signal was given, and the car stopped; and that, as she was in the act of alighting, it started suddenly, throwing her to the pavement. It was the company's theory that the car did not stop at this point, but only at the street crossing 100 feet beyond, and that plaintiff prepared to get off, and did get off, while the car was continuously in motion.

The company brings this writ of error and alleges as error: First, that the record did not sufficiently show the diverse citizenship, which was the only ground of jurisdiction; second, that upon all the evidence the defendant was entitled to an instructed verdict; third, that the instructions to the jury were incorrect. The petitioner, as defendant in error here, disputes these claims, and also insists that there is no proper bill of exceptions.

Arrel, Wilson, Harrington & De Ford, for plaintiff in error.

Charles Koonce, Jr., and Thomas McNamara, Jr., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. [1] The judgment was rendered at the October, 1910, term. No order settling a bill of exceptions or providing time therefor was made at that term; but a motion for a new trial was made, submitted, and its decision continued until the next term. At the next term, the motion for new trial was denied, and a

---

time given to settle a bill, within which time, as extended, the bill was settled. It is well understood, as a primary rule, that exceptions at the trial must be reduced to form and made a part of the record during the term at which judgment is rendered (Muller v. Ehlers, 91 U. S. 249, 250, 23 L. Ed. 319); but it is also settled that the judgment is not finally entered, so as to be beyond the control of the court at a later term, until a pending motion for new trial is denied (Kingman v. Western Mfg. Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192; In re McCall [C. C. A. 6] 145 Fed. 898, 76 C. C. A. 430). The considerations which lead to this latter result are applicable here. It would be a vain thing to settle a bill of exceptions upon a judgment still contingent; and we are clear that the court had full power over this subject during the remainder of the term at which the motion for new trial was decided. It follows that plaintiff in error is entitled to be heard upon all its assignments.

[2] The petition shows that the defendant company is a citizen of the state of Ohio, and as to the plaintiff's citizenship makes only this allegation: "That she is now, and at all times hereinafter mentioned was, a citizen of Ireland." In Rondot v. Rogers, 79 Fed. 676, 25 C. C. A. 145, this court, applying, as it thought, the then recent decision of the Supreme Court in Stuart v. Easton, 156 U. S. 46, 15 Sup. Ct. 268, 39 L. Ed. 341, held that a description of the plaintiff as "a resident of Ontario, Canada, and a citizen of the Dominion of Canada, and of the empire of Great Britain," was not a sufficient averment that the plaintiff was an alien, to show jurisdiction in the Circuit Court. If the rule of Rondot v. Rogers was to be applied with apparently logical adaptation to the present case, it would be difficult to escape the conclusion that the allegation of plaintiff's citizenship is insufficient. However, we think the later decisions of the Supreme Court indicate that Rondot v. Rogers should not be extended beyond its own facts, if, indeed, it has not been substantially overruled. In Hennessey v. Richardson Drug Co., 189 U. S. 25, 34, 23 Sup. Ct. 532, 533 (47 L. Ed. 697), it is said that no averment of alienage is necessary, and that an allegation that plaintiffs were "citizens of the republic of France," is sufficient. In Nichols Lumber Co. v. Franson, 203 U. S. 278, 27 Sup. Ct. 102, 51 L. Ed. 181, the challenged allegation was that the plaintiff was "a resident of [the state of] Washington, and a citizen of Sweden." The argument was that Sweden was, jointly with Norway, under the rule of the king of Sweden and Norway, and that plaintiff could not, in any event, be a "citizen" of Sweden. The court said (203 U. S. 283, 27 Sup. Ct. 104, 51 L. Ed. 181):

"The allegation that the plaintiff was a resident of the state of Washington clearly shows that the designation 'citizen of Sweden' was not employed to indicate mere residence, and could only have been intended as a statement of the nationality of the plaintiff, the country to which he bore allegiance. Whether, as contended for the defendant in error, the plaintiff, if he owed allegiance to the ruler of the kingdom of Sweden, was properly described, in the strictest technical sense, as a citizen, instead of as a subject, of Sweden, we need not consider. The meaning of the pleader being evident, the objection is without merit."

When we apply this language to the present case, we find that in the strictest technical sense there is no such thing as a "citizen of Ireland." The accurate allegation would refer to plaintiff as a "subject of the king of Great Britain and Ireland." While the present petition does not allege plaintiff's residence somewhere outside of Ireland, yet we doubt whether the conclusion of the court in the Franson Case is intended to be rested on the allegation of residence there found, and we think that, in this case as in that, the meaning of the pleader is evident; that the designation "citizen of Ireland" was not employed to indicate mere residence, and could only have been intended as a statement of nationality.

The present case may be distinguished from Stuart v. Easton, in that a description of one as a citizen of a municipality might well be intended to indicate residence only, while a description of one as a citizen of a country, which, although not politically independent, has geographical and political identity, is not a natural form of describing mere residence.

[3] Whatever doubt there might otherwise be about the jurisdiction in this case we think was solved by the testimony, because, where jurisdiction is not challenged by pleading, it sufficiently appears if it is disclosed in any part of the record, including the proofs. Robertson v. Cease, 97 U. S. 646, 648, 24 L. Ed. 1057, and cases cited. The testimony showed, without dispute, that plaintiff was born in Ireland, had always lived there until quite recently, that her parents were now living there, and that she was not married or naturalized. These facts made her surely a citizen of a foreign state, save for the possibility that her father might have been a citizen of the United States at her birth, or might have been naturalized during her minority; and we do not think such possibilities need be negatived in order to support otherwise perfect jurisdiction. A very similar situation was thought sufficient to support jurisdiction in Sun Ptg. Ass'n v. Edwards, 194 U. S. 377, 382, 24 Sup. Ct. 696, 48 L. Ed. 1027.

[4] As to the second point: There was evidence entitling plaintiff to submit to the jury her theory of the accident. Three witnesses, besides plaintiff herself, distinctly testified that the car, traveling east, did stop in front of the church, and started again with a violent jerk, and one witness, besides plaintiff, testified that plaintiff was alighting during this stop and was thrown down by this sudden jerk. As against this, defendant company insists that the undisputed evidence, from some of plaintiff's witnesses, as well as from defendant's witnesses, shows she was found lying upon the pavement at the point where she fell, and that the point where she lay was some 40 feet east of the line of the east wall of the church projected into the street, and hence defendant alleges that it must be true that the car did not stop in front of the church. It is sufficient to say of this insistence that the church was a very large one, and that a point in the street 40 feet beyond the east side of the church was not necessarily outside of that space contemplated by plaintiff's witnesses when they speak of "in front of the church," so that there is no necessary inconsistency between the claim that plaintiff received her injury at

this 40-foot point and the claim that the car stopped at a place substantially in front of the church.   It may further be observed that, if there is a necessary inconsistency between these two claims, then the testimony that the plaintiff fell at the 40-foot point is not undisputed. Testimony which asserts one situation is not undisputed, when there is other testimony necessarily implying an inconsistent situation.

[5] Coming to the matter of instructions to the jury: The only complaint which we think requires specific mention is because the jury was told that the exact point on the street where the injury happened was not material.   If this language stood alone, it might have misled the jury; but it was used in connection with, and as supplementary to, general instructions that the really controlling question was whether the plaintiff was hurt in alighting while the car was stopped in front of the church, and that the real force of the testimony about the exact location of the point where she fell was as bearing on the credibility—i. e., the accuracy of observation and of recollection—of the witnesses who testified pro and con upon the controlling question.   In this connection, it was quite correct for the court to say, as it did, that the exact point of the location of the fall made no special difference.

The other complaints refer either to refusals to give specific requests that were practically covered by the general charge, or to criticism upon details of language and of definition, which we are satisfied did not prejudice defendant's legal rights.

The judgment is affirmed, with costs.