## BLAIR HOLDINGS CORP.
### v.
### RUBINSTEIN et al.

United States District Court,
S. D. New York.

June 24, 1954.

Cahill, Gordon, Reindel & Ohl, New York City, John F. Sonnett, Asa D. Sokolow, Sheldon Oliensis, New York City, of counsel, for plaintiff.

Barron, Rice & Rockmore, New York City, George P. Halperin, Eugene V. Weissman, New York City, of counsel, for defendant Rubinstein.

Rosenman, Goldmark, Colin & Kaye, New York City, Godfrey Goldmark, New York City, of counsel, for defendant Dardi.

EDELSTEIN, District Judge.

In an action for recission of contract and damages, the plaintiff brought on an order to show cause why an order should not be entered directing it, within the twenty day period of Rule 26(a), 28 U.S.C.A., to take depositions of defendants, and granting certain injunctive relief pendente lite. The defendant Rubinstein then moved to dismiss, under Rule 12(b) (1), on the ground that diversity of citizenship, or more properly,

alienage, is not set forth and in fact does not exist. The defendant Norfolk Insurance Company, Inc., simultaneously moved to dismiss under Rule 12(b) (1), on the ground that it is a Panamanian corporation, not doing business in New York, and therefore not subject to service of process in this district.

▇ The complaint describes the plaintiff as a corporation organized and existing under the laws of the State of New York, and alleges that the defendant Rubinstein "is not a citizen of the United States of America or of the State of New York." This negative characterization of Rubinstein's status is inadequate to support the alienage jurisdiction of the federal court. "In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record. In Brown v. Keene, 8 Pet. 112, 115, 8 L.Ed. 885, Mr. Chief Justice Marshall said: 'The decisions of this court require that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments.'" Robertson v. Cease, 97 U.S. 646, 649–650, 24 L.Ed. 1057. A reading of the alienage cases, since Stuart v. City of Easton, 156 U.S. 46, 15 S.Ct. 268, 39 L.Ed. 341, leaves no doubt that it is not the mere averment of alienage which is significant—indeed the averment of alienage is unnecessary, Hennessy v. Richardson Drug Co., 189 U.S. 25, 34, 23 S.Ct. 532, 47 L.Ed. 697, but it is the averment that a party is a subject or a citizen of some foreign power which is crucial. See, for example: Nichols Lumber Co. v. Franson, 203 U.S. 278, 27 S.Ct. 102, 51 L.Ed. 181; Bishop v. Averill, C. C., 76 F. 386; Rondot v. Township of Rogers, 6 Cir., 79 F. 676 (but see Mahoning Valley Ry. Co. v. O'Hara, 6 Cir., 196 F. 945); Betancourt v. Mutual Reserve Fund Life Ass'n, C.C., 101 F.

305: Von Voight v. Michigan Cent. R. Co., C.C., 130 F. 398; International Bank & Trust Co. v. Scott, 5 Cir., 159 F. 58. The absence of a positive averment of Rubinstein's citizenship renders the complaint jurisdictionally defective.

▇ However, "[t]he whole record * * * may be looked to, for the purpose of curing a defective averment of citizenship * * * and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient." Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 382, 24 S.Ct. 696, 697, 48 L.Ed. 1027. In affidavits opposing the motion to dismiss, it is alleged that Rubinstein is a citizen of the U.S. S.R. or of Portugal. These allegations are denied by Rubinstein, who contends that he is a stateless person. The averment of citizenship having been challenged, the plaintiff has the burden of supporting it by competent proof amounting to a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. The trial of this determinative issue of fact by affidavits is unsatisfactory, and the affidavits submitted are inconclusive. The plaintiff should have an opportunity to prove the jurisdictional fact by discovery proceedings. Urquhart v. American-La-France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542; Silk v. Sieling, D.C., 7 F.R.D. 576; Moore's Federal Practice, (2nd ed.), vol. 4, pp. 1046–1047. Such an opportunity will be afforded.

▇ It has been urged that, conceding Rubinstein to be a stateless person, this court may entertain the suit under its alienage jurisdiction, without any further allegation or proof. A contrary decision would have the effect of exempting him from suit in a federal forum. This novel constitutional problem is intriguing, but not yet ripe for decision, and it cannot be decided unless and until defendant's stateless status has been established. Constitutional questions are not to be decided upon hypotheses or in

advance of the necessity for an adjudication. It is an "accepted rubric that a federal court will not undertake to interpret the federal constitution while it is possible to decide the case upon other grounds." East Coast Lumber Terminal v. Town of Babylon, 2 Cir., 174 F.2d 106, 111, 8 A.L.R.2d 1219.

The motion of the defendant Norfolk Insurance Company can also be conveniently handled in the same manner as defendant Rubinstein's, inasmuch as the affidavits on the issue of its doing business in New York are an unsatisfactory basis for decision.

There can, of course, be no decisions of any motions until the resolution of the threshold issues of jurisdiction. (The motion for leave to take depositions is in any event moot insofar as the twenty day period of Rule 26(a) is concerned, because more than twenty days have elapsed since the commencement of the action.) Accordingly, all motions will be held in abeyance, pending the taking of depositions of defendants Rubinstein and Norfolk by the plaintiff, within a reasonable time to be included in the order settled. The motions may be renewed at the appropriate time in a regular motion part, in due course.