## ASPEN MINING AND SMELTING COMPANY *v.* BILLINGS.

## SAME *v.* SAME AND OTHERS.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Nos. 918, 919. Submitted October 10, 1893. — Decided October 23, 1893.

An order allowing an appeal to this court is, so long as the appeal remains unperfected and the cause has not passed into the jurisdiction of the appellate tribunal, subject to the general power of a Circuit Court over its own judgments, decrees, and orders during the existence of the term at which they are made.

*Evans* v. *State Bank*, 134 U. S. 330, distinguished from this case.

If a motion or petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion is disposed of.

No appeal lies to this court from a judgment of a Circuit Court in execution of a mandate of the Circuit Court of Appeals.

MOTION to dismiss. This was a bill of complaint filed by James O. Wood and others against the Aspen Mining and Smelting Company and others in the Circuit Court of the United States for the District of Colorado on April 14, 1888, which resulted, upon final hearing on pleadings and evidence, in a decree, October 20, 1890, one of the days of the May term, 1890, of the court, dismissing the bill at the costs of the complainants. The record, after setting forth the decree, thus proceeds : " And afterwards, and on, to wit, the 25th day of October, A.D. 1890, came again the said complainants by their solicitor aforesaid, and filed in said court, and in said cause, their motion for rehearing. And the said motion is in words and figures as follows ; to wit : " and then follows a lengthy application for rehearing duly indorsed as filed on that day. The November term, 1890, of the Circuit Court began on the first Tuesday, being the fourth day of November, 1890, and adjourned on March 20, 1891. On April 26, 1891, the complainants filed in the cause a " request for decision on motion

for rehearing," which recited that the motion had b--en submitted "in open court at the beginning or very early in the last term." The May term, 1891, opened on the first Tuesday, being the 5th day of May, 1891, and on that day the record recites that "the motion for a rehearing of this cause having heretofore come on to be heard, and having been submitted upon briefs," the court being sufficiently advised, denied the motion. On the same day complainants prayed an appeal from the decree to the Supreme Court of the United States, "which is allowed them, conditioned that they file herein their bond conditioned according to law in said appeal in the sum of three hundred dollars." June 24, 1891, counsel filed a direction to the clerk to "make out full record in the above-entitled suit for an appeal to the U. S. Circuit Court of Appeals at St. Louis, Mo.," stating what was to be copied. On July 2, 1891, one of the days of the May term, 1891, of the court, complainants prayed an appeal to the United States Circuit Court of Appeals for the Eighth Circuit, and an order was entered vacating the order allowing an appeal to the Supreme Court of the United States, and allowing an appeal to the Circuit Court of Appeals, conditioned upon the filing of bond in the sum of three hundred dollars, and on the same day such bond was filed and approved together with an assignment of errors on appeal. Citation was issued August 15, 1891, and duly served. From the records of this court it appears that the appeal was duly prosecuted to the Circuit Court of Appeals, and the decree reversed July 5, 1892. And that thereupon the appellees petitioned for a rehearing, which was denied. The opinions of that court will be found reported in 10 U. S. App. 1; Id. 322.

November 7, 1892, appellees on that appeal presented to this court their petition for a writ of *certiorari* under section six of the act of March 3, 1891, which was denied on November 28.

December 21, 1892, the complainants filed in the Circuit Court a mandate from the United States Circuit Court of Appeals for the Eighth Circuit, reversing the decree of the Circuit Court with costs, and directing the court to take fur-

ther proceedings and enter a decree in conformity with the opinion of said Circuit Court of Appeals.

Objections on behalf of defendants Wheeler and the Aspen Mining Company were thereupon, on December 24, 1892, made to the jurisdiction of the Circuit Court to proceed further with the cause. January 13, 1893, these objections were overruled, and an application, on behalf of the defendant Wheeler, that the question of jurisdiction be certified to the Supreme Court, was denied. The opinion is reported in 53 Fed. Rep. 561. The Circuit Court then, January 24, 1893, entered a decree in pursuance of and in conformity with the directions contained in the opinion of the Circuit Court of Appeals, in compliance with the mandate of that court. On March 21, 1893, an appeal was granted to the Mining Company and Wheeler to this court by one of the Justices thereof, under the fifth section of the act of March 3, 1891; bond to operate as a supersedeas was given as directed, and approved ; and citation was issued and served. And, in view of the allowance of the appeal, the Circuit Court, on April 3, 1893, certified the question of the jurisdiction of the Circuit Court to make and enter the decree of January 24, 1893, or to proceed further in the case, to this court for decision. April 15, 1893, a short record was filed by appellees and a motion made to dismiss the appeal, the consideration of which was objected to by counsel for appellants. The then number of the case was 1325. It is now 918. On April 19, a full record was filed by appellants, and the appeal docketed as No. 1326, which is now 919. The motion to dismiss in No. 1325 was postponed, May 10, 1893, to the next term of this court, and counsel for appellees directed to serve notice of the motion to dismiss, and to embrace therein No. 1326. This having been done, the motion to dismiss was submitted on briefs, coupled with a motion to affirm. At the same time a motion was made on behalf of appellants to advance No. 919 under the 32d rule and for oral argument.

*Mr. T. A. Green* (with whom was *Mr. Felix T. Hughes* on the brief,) for the motion.

*Mr. Calderon Carlisle* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By the 32d rule as amended, (146 U. S. 707,) cases brought to this court by writ of error or appeal under section five of the act of March 3, 1891, when the only question at issue is the question of the jurisdiction of the court below, will be advanced on motion and taken on printed briefs or arguments in accordance with the prescription of rule six in regard to motions to dismiss writs of error or appeals; but as this appeal will be disposed of on the motion to dismiss an order to advance is unnecessary, and would, indeed, be superfluous under the circumstances in view of the motion to affirm.

Nor do we find sufficient reason for the allowance of oral argument in the character of the questions involved; nor in the solicitude of appellants' counsel to repel in that form suggestions in the briefs of counsel for appellee questioning the propriety of the application for the allowance of the appeal, as we perceive no ground calling for defence from imputation in that regard. It is sufficient to dismiss the remarks referred to with the observation that they are lacking in the courtesy and temperance of language due from the members of the bar, and as such obnoxious to animadversion. The condition of the record justified the application, and the allowance of the appeal, although upon consideration we are of opinion that it cannot be sustained.

The contention is that the appeal to the Circuit Court of Appeals was unauthorized and void, because the allowance of the appeal to this court, May 6, 1891, vested in it exclusive jurisdiction of the cause, which could not be divested by a vacation of that allowance by the Circuit Court; and also because the original final decree was entered October 20, 1890, one of the days of the May term, 1890, of the Circuit Court, while the appeal to the Circuit Court of Appeals was prayed, allowed, and perfected on July 2, 1891, and at the May term,

1891, of the Circuit Court, contrary, as insisted, to the rules and the statute.

1. The appeal to this court was allowed on condition that bond should be given as designated, but this was not done nor any other step in effectuation of the appeal taken, and the order of allowance was vacated on a subsequent day of the same term.

The general power of the Circuit Court over its own judgments, decrees, and orders during the existence of the term at which they are made is undeniable, and an order allowing an appeal is subject to that power so long as the appeal remains unperfected and the cause has not passed into the jurisdiction of the appellate tribunal. *Ex parte Roberts*, 15 Wall. 384; *Goddard* v. *Ordway*, 101 U. S. 745; *Draper* v. *Davis*, 102 U. S. 370; *Keyser* v. *Farr*, 105 U. S. 265.

There is nothing to the contrary in *Evans* v. *State Bank*, 134 U. S. 330, in which it was held that our jurisdiction may be maintained when the record on appeal has been filed here during the term to which the appeal was returnable, even though bond had not been approved and citation signed. No such state of case is presented, nor was the question of the power of the court below to set aside its order of allowance involved in that case or in others in which like rulings have been made.

Equally unavailing is the reference to the provision of the joint resolution of March 3, 1891, "to provide for the organization of the Circuit Courts of Appeals," 26 Stat. 1115, that nothing in the act of March 3, 1891, 26 Stat. 826, c. 517, should be held or construed to impair the jurisdiction of the Supreme Court in any case then pending before it, or in respect of any case wherein the appeal had been taken to that court before the first day of July, 1891, for this merely preserved the jurisdiction as stated, and did not operate to give jurisdiction as to appeals not perfected, which would not otherwise have existed.

In our judgment the Circuit Court had power to vacate the allowance of the 5th of May during the term and allow the appeal of July 2, and this, even if after March 3 and prior to

July 1, 1891, an appeal might have been taken either to this court or the Circuit Court of Appeals, a point suggested, but upon which it is unnecessary to pass.

2. The decree dismissing complainants' bill was entered on October 20, 1890, but an application for a rehearing was made shortly thereafter and during the same term, but not disposed of until May 5, 1891.

The rule is that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. *Brockett* v. *L. ockett*, 2 How. 238, 249; *Texas & Pacific Railway* v. *Murphy*, 111 U. S. 488; *Memphis* v. *Brown*, 94 U. S. 715.

If this case falls within that category, then the six months within which the appeal had to be taken under section 11 of the Judiciary Act of March 3, 1891, did not commence to run until May 5, 1891, and the appeal was in time.

It is true that equity rule 88 provides that "no rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the Supreme Court;" but if this petition for rehearing was filed in season and entertained by the court, then the decree, although entered in form, did not discharge the parties from their attendance in the cause, and they were bound to follow the petition thus pending to the next term. The suit was thereby prolonged until the application was disposed of in the regular course of proceeding. This is expressly so ruled in *Goddard* v. *Ordway, supra*.

In *Giant Powder Co.* v. *California Vigorit Powder Co.*, 5 Fed. Rep. 197; *S. C.* 6 Sawyer, 508, it was said by Mr. Justice Field that equity rule 88 applies only where no petition is presented during the term, and the numerous cases in which it has been held that the time limited for an appeal does not begin to run until a petition for a rehearing properly presented has been disposed of, sustain that view. The decree does not in legal effect remain final while the petition is pending, and

the prescription of rule 88 must be construed to mean that a rehearing cannot be granted after the lapse of the term unless application is made therefor during the term, and being entertained, the decree is thereby prevented from passing beyond the control of the court. The entertaining of the petition keeps the jurisdiction alive, and the granting of the rehearing may be made absolute, or denied thereafter, as the court may determine.

But it is said this cannot be the result, under either statute or rule, of the mere filing of a motion or petition for rehearing, and that it does not affirmatively appear in this case that the motion or petition was entertained by the court. But we should be inclined to hold, if a decision in that regard were called for, that, since the application was passed upon as having been duly made, the presumption must be indulged that it was entertained by the court in the first instance and during the term at which the decree was pronounced.

3. Apart from these considerations, however, this is an appeal from a decree entered by the Circuit Court in conformity with the mandate from the Circuit Court of Appeals for the Eighth Circuit. That court took jurisdiction, passed upon the case, and determined by its judgment that the appeal had been properly taken. If error was committed in so doing, it is not for the Circuit Court to pass upon that question. The Circuit Court could not do otherwise than carry out the mandate from the Court of Appeals, and could not refuse to do so on the ground of want of jurisdiction in itself or in the appellate court. *Skillern's Executors* v. *May's Executors,* 6 Cranch, 267; *In re Washington & Georgetown Railroad,* 140 U. S. 91; *Gaines* v. *Rugg,* 148 U. S. 228, 241. And no rule is better settled than that an appeal from a decree entered by the court below in accordance with the mandate of the appellate court, cannot be maintained. *Stewart* v. *Salamon,* 97 U. S. 361; *Humphrey* v. *Baker,* 103 U. S. 736; *Texas & Pacific Railway* v. *Anderson,* 149 U. S. 237. If the Circuit Court of Appeals erred, or if, for any reason, its judgment could be held void, the appropriate remedy lay in a *certiorari* from this court to that court. *American Construction Co.* v. *Jacksonville &c.*

*Railway*, 148 U. S. 372. And we judicially know from our own records, *Butler* v. *Eaton*, 141 U. S. 240, 243, that the present appellants applied to this court for that writ, and that the application was denied.            *Appeal dismissed.*