### In re COLUMBIA RY., GAS & ELECTRIC CO.

District Court, E. D. South Carolina. April 2, 1928.

1. **Bankruptcy** ⟨key⟩391 (3¾)—**Order staying proceedings in state court held not dissolved ipso facto by order vacating adjudication. in bankruptcy from which bankrupt appealed.**

Order staying proceedings in state court after adjudication of bankruptcy *held* not ipso facto dissolved by order vacating the adjudication, where bankrupt perfected appeal from the order of vacation.

2. **Bankruptcy** ⟨key⟩391 (3¾)—**Federal District Court has discretion to continue in force, pending appeal from order vacating adjudication in bankruptcy, stay order previously granted.**

On bankrupt's perfecting appeal .from 'order vacating adjudication in bankruptcy, Federal District Court has power in its discretion to continue in force, pending appeal, order previously granted which stayed proceedings in state court.

3. **Bankruptcy** ⟨key⟩461—**Question whether, appeal from District Court order .entered February 2, 1928, was taken in proper. form held determinable by Act of Jan. 31, 1928 (28 USCA §§ 861a, 861b).**

Where order of Federal District Court staying proceedings in state court on account

of adjudication in bankruptcy was entered February 2, 1928, question whether appeal therefrom was taken in proper form so as to deprive District Court of jurisdiction was determinable, not by the former practice, but by the Act Jan. 31, 1928 (28 USCA §§ 861a, 861b), abolishing writs of error.

**4. Bankruptcy ⬧⟶462—Jurisdiction of Federal District Court to dissolve stay order in bankruptcy proceedings held not defeated by attempted appeal therefrom where no notice was served upon opposing counsel within 30 days; appeal being ineffective (28 USCA § 861b; Act May 27, 1926, §§ 9, 10, amending Bankr. Act, §§ 24, 25 [11 USCA §§ 47, 48]).**

If exceptions taken from order of Federal District Court staying proceedings in state court amounted to notice of appeal within meaning of Act Jan. 31, 1928, § 2 (28 USCA § 861b), abolishing writs of error, and order staying proceedings in state court was appealable under Act May 27, 1926, §§ 9, 10, amending Bankruptcy Act, §§ 24, 25 (11 USCA §§ 47, 48), appeal was nevertheless ineffective to deprive federal court of jurisdiction, where no notice of any kind was given opposing counsel until after expiration of 30-day period after entry of order; and District Court had jurisdiction to dissolve stay order and permit parties to abandon attempted appeal.

**5. Appeal and error ⬧⟶452—Trial court has jurisdiction to vacate uncompleted appeal.**

Before an appeal has been perfected, the trial court has jurisdiction to vacate the uncompleted appeal, and may proceed thereafter as though no steps toward appellate review had been taken.

**6. Appeal and error ⬧⟶460(1)—Taking of appeal does not of itself operate as supersedeas.**

Taking of an appeal does not in itself operate as a supersedeas and stay all future proceedings in trial court.

**7. Bankruptcy ⬧⟶462—Bankrupt's appeal from order vacating adjudication in bankruptcy held not to deprive District Court of jurisdiction to dissolve order staying proceedings in state court.**

Where federal court entered adjudication in bankruptcy, and pursuant thereto stayed proceedings in state court, an appeal taken by the bankrupt from a subsequent order vacating the adjudication did not of itself deprive the District Court of jurisdiction to dissolve the stay order, since requirement of notice to dissolve stay order would permit bankrupt to unjustly avoid its dissolution by immediately taking an appeal.

**8. Bankruptcy ⬧⟶391(3¾)—On vacation of order adjudicating traction company bankrupt, city and state held entitled to dissolution of order staying mandamus proceedings to require operation of bankrupt's street car system (Merger Act S. C.).**

On vacation of order adjudicating power and traction company bankrupt on ground that company was a railroad corporation, *held*, in exercise of court's discretion, that state and city were entitled to vacation of order staying mandamus proceedings in state court by which corporation was sought to be required to continue its street car service under Merger Act S. C. (34 St. at Large, p. 842) notwithstanding bankrupt's appeal from the order vacating the adjudication, where balance of convenience required that such proceedings continue and it did not appear that bankrupt's property would be dissipated as a result or that creditors would be injured.

In Bankruptcy. In the matter of the Columbia Railway, Gas & Electric Company, bankrupt. After the vacation of the adjudication of bankruptcy, the State of South Carolina and the City of Columbia moved to be allowed to abandon exceptions and appeal from an order staying proceedings in the state court, and for an order dissolving the stay order. Motions granted.

See, also, 24 F.(2d) 828.

George Le Pine, of Reading, Pa., and Elliott & McLain, of Columbia, S. C., for bankrupt.

J. B. S. Lyles, of Columbia, S. C., for Broad River Power Co.

J. M. Daniel, Atty. Gen. of South Carolina, and Cordie Page, Asst. Atty. Gen. of South Carolina, for state of South Carolina.

Melton & Belser, of Columbia, S. C., for City of Columbia.

ERNEST F. COCHRAN, District Judge. At the time of the filing of the voluntary petition in bankruptcy in this case, there was pending in the Supreme Court of South Carolina a mandamus proceeding brought by the state of South Carolina, on the relation of the Attorney General, the city of Columbia, and certain other parties, as petitioners, against the Columbia Railway, Gas & Electric Company (the bankrupt herein), the Broad River Power Company, and one F. D. Campbell, as respondents, to compel the Columbia Railway, Gas & Electric Company and the Broad River Power Company to resume street car service in the city of Columbia. The voluntary petition in bankruptcy was filed January 24, 1928, and the order of adjudication entered the same day. At the same time the bankrupt filed a petition asking that the mandamus proceeding in the state Supreme Court be stayed, and this court issued a rule requiring the petitioning parties in that proceeding to show cause why the same should not be stayed, and in the meantime restrained them from proceeding therein until the hearing and determination upon the rule.

On January 28, 1928, the Broad River Power Company filed in the bankruptcy court its petition to be allowed to intervene, claiming to be the largest creditor of the

bankrupt, and joining in the prayer of the bankrupt's petition.

On February 2, 1928, upon the return to the rule and after hearing the parties, this court continued the former order of January 24, 1928, as a stay of all further proceedings in the mandamus proceeding in the state Supreme Court, with the proviso, however, that the petitioners in that proceeding might apply to the Supreme Court of the state for such construction or amendment of the pleadings, or might institute such new action or proceedings as would permit the petitioners to proceed against any of the respondents therein, except the bankrupt, Columbia Railway, Gas'& Electric Company, for any relief which should not in any way or manner affect the property or street railway system of the bankrupt.

On February 9, 1928, the state of South Carolina and the city of Columbia (the latter being a creditor of the bankrupt) filed in this court their petition and moved to vacate the adjudication on the ground that the bankrupt was a railroad corporation and excluded by the terms of the Bankrupt Act (11 USCA) from being adjudicated a bankrupt. The court heard the argument of the parties upon this question on March 1, 1928.

While the court had this latter question under consideration, and before a decision thereon, the state of South Carolina and the city of Columbia presented to the judge of this court on March 3, 1928, a paper styled "Exceptions," which recited that the state of South Carolina and the city of Columbia excepted to the order of the court of February 2, 1928, staying the proceeding in the state court, and set forth the grounds and alleged errors in making said order. The paper then prayed that an appeal be allowed and a transcript of the record be ordered sent to the Circuit Court of Appeals for the Fourth Circuit. With this paper there was presented a proposed order directing that the exceptions be allowed and the appeal therein prayed for granted. The judge of this court, however, on March 3, 1928, struck out that portion of the proposed order which stated that the appeal was granted, and merely ordered that the exceptions be allowed. The so-called exceptions and order thereon were then filed with the clerk of this court. The record does not disclose any proof of service of that paper, but it has been stipulated and agreed by counsel that on the 7th of March, 1928, one of the attorneys for the state and the city of Columbia transmitted by letter to one of the attorneys for the bankrupt a copy of the paper and of the order allowing

the exceptions. No acknowledgment of the receipt thereof was made by the attorneys for the bankrupt. No bond for costs was filed, no citation issued, and no other steps whatever taken to perfect this proceeding as an appeal from the stay order of February 2, 1928.

On March 13, 1928, this court filed an opinion and order vacating the adjudication. 24 F.(2d) 828.

On March 16, 1928, the bankrupt presented to the judge of this court a petition for the allowance of an appeal from the order vacating the adjudication, accompanied with assignments of error and a bond for costs; and the judge on the same day passed an order allowing the appeal. The judge at that time called the attention of counsel to the fact that under the Act of Congress of January 31, 1928 (28 USCA §§ 861a, 861b), abolishing writs of error, neither a petition for appeal nor an allowance of appeal was required, but that appeals should be taken by serving upon the adverse party or attorney of record and filing in the office of the clerk a written notice that the appellant appeals from the judgment or order. Thereupon on the same day, to wit, March 16, 1928, the attorneys for the bankrupt served a notice of appeal under this act of Congress upon the attorneys for the state and city, and the original of this notice with the acknowledgment of service thereon was filed with the clerk of this court on March 17, 1928; and thereupon, on the latter date, the judge of this court signed a citation which was thereafter duly served.

Thereafter, upon March 21, 1928, the attorneys for the state and the city gave two notices to the opposing counsel, one of a motion in this court to be allowed to abandon the proposed exceptions and appeal from the stay order, and the other for an order dissolving the stay order of February 2, 1928. The bankrupt and the Broad River Power Company resisted both of these motions,. on the ground that this court had lost jurisdiction (1) by the appeal taken by the state and the city from the said order, and (2) by the appeal taken by the bankrupt from the order vacating the adjudication. They also contended, without waiving their jurisdictional objections, that in any event this court should allow the stay order to remain in force pending the hearing in the appellate court of its appeal from the order vacating the adjudication.

[1, 2] The first position taken by the city and the state is that the stay order necessarily fell and was vacated ipso facto by the order

vacating the adjudication. But I do not think that the mere vacation of the adjudication necessarily and ipso facto dissolved the previous stay order. In view of the grounds upon which the adjudication was vacated, it would follow that upon proper motion this court would dissolve the stay order, unless some valid reason were shown why it should not be dissolved, but, before any motion of that sort was made, and, indeed, before any could be made, the bankrupt perfected an appeal, and this court would have the power in its discretion to continue the stay order in force pending the appeal. Therefore I cannot hold that the vacation of the adjudication in itself absolutely dissolved and set aside the stay order previously granted.

The next question for consideration is whether the so-called appeal or exceptions and appeal on the part of the state and the city from the stay order deprived this court of jurisdiction to dissolve it; and there is connected with this question, and involved in it, the question of whether this court now has the power to permit the state and city to abandon the so-called appeal. It is at least doubtful whether an appeal lies as a matter of right from the stay order. See Act of Congress (amending the Bankruptcy Act) of May 27, 1926, c. 406, §§ 9 and 10, 44 Stat. 664, 665 (11 USCA §§ 47, 48), which set forth the cases in which appeals in bankruptcy are allowed. I shall assume, however, for the purposes of this case, that an appeal might be taken from the stay order as a matter of right, provided the same be taken within thirty days after the rendition of the judgment or entry of the order as required by both of these sections.

[3, 4] The question whether the appeal was duly taken so as to deprive this court of jurisdiction must be determined, not by the former practice, but by the Act of January 31, 1928. It is very doubtful whether the paper styled "Exceptions" to the ruling of the court in passing the stay order can be treated as the notice for an appeal required by that act. It is not addressed to the parties nor to their attorneys of record, nor does it purport to be a notice to them; and it prays the court for an allowance of an appeal, and was apparently intended as a petition for an appeal under the former practice. But it will not be necessary to decide that question; and I shall assume for the purposes of this case only that it may be treated as a notice for an appeal under that act. It was filed in the clerk's office on March 3, 1928, which was the thirtieth day from the entry of the order of February 2, 1928, and therefore the last day

under the act of 1926 above cited amending the Bankrupt Act upon which an appeal could be taken. No notice up to that time had been served upon opposing counsel or the parties. A copy of the paper and of the order of the court allowing it as exceptions were not served until March 7, 1928, several days after the thirty-day limitation had expired.

The first section of the Act of Congress of January 31, 1928 (28 USCA § 861a) abolishes writs of error in all cases, civil and criminal, and provides that all relief which heretofore could be obtained by writ of error shall hereafter be obtained by appeal. The second section (28 USCA § 861b) is as follows:

"Sec. 2. That in all cases where an appeal may be taken as of right it shall be taken by serving upon the adverse party or his attorney of record, and by filing in the office of the clerk with whom the order appealed from is entered, a written notice to the effect that the appellant appeals from the judgment or order or from a specified part thereof. No petition of appeal or allowance of an appeal shall be required: Provided, however, that the review of judgments of state courts of last resort shall be petitioned for and allowed in the same form as now provided by law for writs of error to such courts."

Under section 2 of this act, two things are necessary to take an appeal: (1) There must be served upon the adverse party or his attorney of record a written notice to the effect that the appellant appeals from the order complained of; and (2) this notice must be filed in the office of the clerk of this court.

Both of these steps must be taken, and both must be taken within the time provided for the taking of an appeal.

Assuming that the so-called "Exceptions" amounted to a notice, while it was filed with the clerk within the thirty days, it was never served upon the adverse party within that period. The appeal therefore cannot be said to have been "taken" within the thirty-day period, and this court therefore did not lose jurisdiction of the cause in any way by reason of the so-called appeal. This attempted appeal, therefore, does not deprive this court of jurisdiction to dissolve the stay order, nor to permit the parties to abandon their attempted appeal. I have not adverted to the fact that the service on March 7 was not by personal service on the attorney of record, but was transmitted by letter, and it is debatable whether or not this would be a sufficient service under the statute. But I do not base my ruling upon this ground. It is also to be ob-

served that no proof of service upon opposing counsel was ever filed in the clerk's office. While the statute does not require the proof to be so filed, nevertheless it seems to me the proper practice would be in all cases for the proof of service to be filed along with the original notice. However, it is not necessary to decide that point in this case. No notice of any kind was given to opposing counsel until after the thirty-day period had expired, and that is essential to the taking of an appeal under that statute.

[5] In reference to the motion on the part of the state and of the city to be allowed to abandon their attempted appeal, the rule is that, before an appeal has been perfected, the trial court has jurisdiction to vacate the uncompleted appeal, and thereafter proceed as though no such steps toward appellate review had been taken. Midland Terminal v. Warinner (C. C. A. 8th) 294 F. 185, 188; Cherokee Nation v. Whitmire, 223 U. S. 108, 111, 32 S. Ct. 200, 56 L. Ed. 370; Aspen Mining, etc., v. Billings, 150 U. S. 31, 32, 35, 14 S. Ct. 4, 37 L. Ed. 986; Brandeis v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Goddard v. Ordway, 101 U. S. 745, 751, 752, 25 L. Ed. 1040.

[6,7] The next question for decision is whether or not the appeal taken by the bankrupt from the order vacating the adjudication deprived this court of jurisdiction to dissolve the stay order. It is not necessary to review the numerous cases which have been cited by the counsel upon the questions involved here. It is sufficient to say that I have read them carefully. Nor is it necessary to enter into any extensive discussion as to how far the power of this court extends to make any further orders in a case in bankruptcy when an appeal has been taken. I entertain no doubt whatever that the appeal from the order vacating the adjudication does not deprive this court of jurisdiction to make any other order in the case. The taking of an appeal does not in and of itself operate as a supersedeas and stay of all further proceedings in this court. It may be conceded, for the purposes of this case, that this court could now no longer pass any order revoking or modifying the order vacating the adjudication; but the order staying the proceedings in the state court is not absolutely dependent upon the adjudication. The counsel for the bankrupt concede that, if there had been no stay order granted in the first instance, this court would, upon appeal from the order vacating the adjudication being perfected, still have the power to grant such an order pending the hearing in the appellate court. It seems to me, therefore, that, if it has such power, it would still have the power to dissolve a previous order so made or to continue it in force in its discretion.

If this court is deprived of jurisdiction to dissolve the stay order by the appeal taken from the order vacating the adjudication, then a party could, by simply appealing immediately or within a short time, deprive the other party of any opportunity to move in this court for a dissolution of the stay order. And what actually occurred in this case is an apt illustration on this point. It would have been idle for the state and the city to move to dissolve the stay order until the court's decision on the motion to vacate the adjudication was known. But, when the adjudication was vacated, they had the right to move to dissolve the stay order as no longer necessary or proper, and, in the absence of any contrary showing, it would have been granted as a matter of course. The rules of this court require four days' notice of the motion to dissolve the stay order. The adjudication was vacated March 13, the bankrupt took its appeal on the 16th, and it would have been impossible for the state and the city to have given the four days' notice and had the motion heard before the court would have been deprived of jurisdiction according to the bankrupt's theory. Even if four days' notice were not required, the bankrupt might have appealed on the 14th, or even on the 13th, the very day the order vacating the adjudication was passed, and thereby deprive the other party of any opportunity whatever to move. It is true that in this case the state and city did not attempt to move till the 21st of March, trusting apparently to their contention that the stay order fell with the vacating of the adjudication. But the actual facts illustrate the possibilities under the theory advanced by the bankrupt. A theory which leads to such unjust, if not absurd, consequences is not to be lightly adopted.

I hold therefore that the taking of the appeal from the order vacating the adjudication does not ipso facto deprive this court of jurisdiction to dissolve the stay order or to permit the state and the city to abandon their attempted appeal.

[8] This brings us to the last proposition, namely, whether or not the court, in the exercise of its discretion, should dissolve the stay order or continue it in force pending the appeal. Upon that question, the parties have presented affidavits setting forth numerous facts pro and con. It is not necessary to state in detail all of the facts and reasons urged by the respective parties in

support of their contentions. This matter involves the question as to whether or not this court, after having decided that the bankrupt is not the subject of adjudication, shall, pending the appeal, stay the proceeding in the state court whereby it is sought to compel the bankrupt and the Broad, River Power Company to perform duties to the public which it is claimed in the state court they are bound, under their charters and the acts of the Legislature, to perform. The public interests of the city of Columbia and the various communities adjoining that city are heavily involved. Assuming that the bankrupt would be in position to give bond, which hardly appears possible, nevertheless no bond that I could require could possibly indemnify the parties or the public for the benefits lost, in case the Circuit Court of Appeals should affirm the order vacating the adjudication. Every reason stated by this court in its opinion vacating the adjudication why corporations of this kind should be excluded from the Bankruptcy Act operates just as powerfully on the question of staying proceedings in the state court. The counsel urged that every reason which impelled the court to grant the stay order originally still exists. But that overlooks the fact that this court, since granting the original stay order, has made a careful study of the question, and has come to the conclusion, of which it entertains no serious doubt, that the bankrupt is a railroad corporation and cannot be adjudicated. The decision upon the questions involved as to whether the bankrupt and the Broad River Power Company, through their relations and in view of the so-called Merger Act (Act General Assembly of South Carolina of March 19, 1925, 34 Stat. p. 842) are under a legal obligation to continue the street car service, should not be delayed. The state court has ample power and authority to decide those questions, and I think it should be left free to decide them without any hindrance from this court.

The bankrupt's main grounds urged before the court for refusing to dissolve the stay order and continuing it in force are, in substance: (1) That the proceeding in the state court will harass it in the defense of dischargeable obligations; (2) cause it to consume its cash in payments of attorneys' fees and disbursements incident to such proceedings; and (3) cause the dissipation of its property (street car system).

As to the first ground, it is certainly debatable whether the obligations referred to are dischargeable obligations or not. It is at least a serious question whether the proceedings in the state court affect dischargeable obligations or not. The obligation there sought to be enforced is merely the alleged obligation on the part of the Broad River Power Company and the bankrupt to render street car service. Assuming that this is a dischargeable obligation (upon which, however, I make no ruling) nevertheless, I cannot see that the parties cannot make their defense in the state court as fully and completely as they could in the bankrupt court.

But it is upon the second and third grounds that the bankrupt mainly relies. As to the second ground, it appears that the Broad River Power Company is the largest creditor and would suffer most by the depletion of the cash on hand of the bankrupt. No other creditor is making any objection to the dissolving of the stay order. Whatever cash the bankrupt may expend in defending the suit in the state court, I apprehend, will inure as much to the benefit of the Broad River Power Company as to the bankrupt, if not more so. As to the third ground, namely, that the street car system will be dissipated, it appears that it has lain idle now for over a year. The property itself cannot suffer very much further deterioration in the time that must elapse now before the decision by the Supreme Court, which I presume will be rendered at as early a date as practicable. It appears that the bankrupt has comparatively little property, and, if the Supreme Court should order the Broad River Power Company to resume service through the bankrupt, it appears that the Broad River Power Company would have to rehabilitate the street car system and has means to do so; and I cannot see how any order of the Supreme Court in that aspect would tend to dissipation of the property. Upon a consideration of all the facts and circumstances, the great balance of inconvenience and hardship is on the side of the state and the city and the public interests they represent and against the contention of the bankrupt. The case in this aspect is very much like the cases of Virginian Ry. Co. v. U. S., 272 U. S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463, and Liberty Nat. Bk. v. McIntosh (C. C. A. 4th) 16 F. (2d) 906, 910. It is true that in those cases there was no preliminary stay or restraining order, and the only stay order was made after the interlocutory injunction had been denied and an appeal taken, while here there was a preliminary stay order, before the order was made vacating the adjudication. While that fact is of some importance, nevertheless the other facts and circumstances in the cases referred

to are so similar to the case at bar as to warrant me in considering them as authority for my guidance. In the Virginian Ry. Case, the decision in that respect was based largely on the fact of harm to the public and that a bond could not indemnify fully for the benefits lost. In the Liberty Bank Case, the facts which impelled the District Court to grant the stay order pending the appeal showed much greater hardship upon the parties in that case, if it should be denied, than is claimed here; and yet in that case the court held that the restraining order pending the appeal should not have been granted.

Upon due consideration of all the circumstances and facts in this case, I am of opinion that the court, in the exercise of its discretion, should not continue the stay order in force, but should dissolve it. I am also of opinion that the state and the city should be allowed to abandon their attempted appeal. Appropriate orders will be accordingly entered.