## SHALLAS v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1929.

On Petition for Rehearing February 10, 1930.
No. 5918.

an order entered during the term or by some standing order or rule of court. O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

Rule 76 of the Rules of Practice in the court below provides that the party desiring the bill of exceptions shall within 10 days after the ruling was made, or, if such ruling was made during a trial, within 10 days after the rendition of the verdict, or, if the case was tried without a jury, within 10 days after written notice of the rendition of the decision, serve upon the adverse party a draft of the proposed bill of exceptions. The 10 days allowed by the rule expired before the final adjournment for the term, so that the bill of exceptions was not presented for allowance within the term or any extension thereof, even if we should assume that the rule extends the term pro tanto where the term ends by final adjournment or lapse of time before the expiration of the 10 days. The order entered on July 27, extending the time for serving the bill of exceptions, was therefore made after the expiration of the term, or any extension thereof, and was ineffectual for any purpose. O'Connell v. United States, supra.

It was suggested on the argument that the certificate of the clerk is not competent evidence for the purpose of showing the final adjournment for the term, but in the absence of any showing to the contrary, we deem it sufficient for that purpose.

The bill of exceptions must be stricken; and inasmuch as the assignments of error are all based on rulings which appear only from the bill of exceptions, the judgment is affirmed.

### On Petition for Rehearing.

In his petition for a rehearing, the appellant contends that a motion for a new trial was pending at the time of the final adjournment for the term, and that this motion carried the case over beyond the term for the purpose of settling a bill of exceptions, as well as for the purpose of disposing of the motion for a new trial. This contention is no doubt well supported by authority. Woods v. Lindvall (C. C. A.) 48 F. 73; Merchants' Ins. Co. v. Buckner (C. C. A.) 98 F. 222; Tullis v. Lake Erie & W. R. Co. (C. C. A.) 105 F. 554; Kentucky Distilleries & Warehouse Co. v. Lillard (C. C. A.) 160 F. 34; Mahoning Valley Ry. Co. v. O'Hara (C. C. A.) 196 F. 945; Slip Scarf

Robertson & Paine, of Spokane, Wash., for appellant.

H. E. Ray, U. S. Atty., and W. H. Langroise and Sam S. Griffin, Asst. U. S. Attys., all of Boise, Idaho.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. The verdict of the jury in this case was returned June 4, 1929, during the May term, which was adjourned without day on June 19, 1929. July 27, 1929, an order was entered extending the time to serve, file, and settle the bill of exceptions to and including August 12, 1929. Pursuant to this extension the bill of exceptions was lodged with the Clerk on August 5, 1929, and was settled and allowed by the court August 14, 1929, over the objection and protest of the appellee. A motion has been interposed in this court to strike the bill of exceptions because not presented to the court for allowance until after the expiration of the term. The rule is well settled that the trial court is without jurisdiction to allow a bill of exceptions presented for the first time after the expiration of the term at which the rulings embodied in the bill of exceptions were made, unless the time for presenting the bill of exceptions is extended by

Co. v. Wm. Filene's Sons Co. (C. C. A.) 289 F. 641; O. J. Moore Grocer Co. v. Pacific Rice Mills (C. C. A.) 296 F. 828; U. S. Ship. B. E. F. Corp. v. Galveston Dry Dock & C. Co. (C. C. A.) 13 F.(2d) 607. But the appeal in this case was taken and perfected before the final adjournment for the term and while the motion for a new trial was pending, and the appellee contends that the motion for a new trial was thereby waived or abandoned. The situation thus presented is peculiar, to say the least. The rule is well settled that, if a motion for a new trial or petition for rehearing is made or presented in season and entertained by the court, the time limited for writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purpose of a writ of error or appeal. Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 36, 14 S. Ct. 4, 37 L. Ed. 986. In Voorhees v. Noye Mfg. Co., 151 U. S. 135, 14 S. Ct. 295, 38 L. Ed. 101, the court said: "The appeal was allowed January 7, 1891, but the decree did not take final effect as of that date for the purposes of an appeal, nor until February 17, 1892, because the application for rehearing was entertained by the court, filed within the time granted for that purpose, and not disposed of until then." And it was further held in the same case that the taking of a new appeal became necessary upon the denial of the rehearing. Again, in Kingman v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192, it was held that a judgment is not final so that jurisdiction of the appellate court may be invoked while it is still under the control of the trial court through the pendency of a motion for new trial. See also Brown v. Evans (C. C.) 18 F. 56; Clarke v. Eureka County Bank (C. C.) 131 F. 145. It is questionable, therefore, whether the appeal was not prematurely taken, and if the appeal was properly taken while the motion for a new trial was pending, it is again questionable whether the court below was not thereby deprived of jurisdiction to hear and determine the motion. Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Cochran v. Becker (C. C. A.) 276 F. 280; Midland Terminal Ry. Co. v. Warinner (C. C. A.) 294 F. 185.

■ The questions thus suggested will not often arise and need not be determined at this time, because a reference to the bill of exceptions as certified discloses that the appeal itself is without substance. The appellant testified on the trial of another action pending in the court below, wherein the United States was plaintiff and one Sievers was defendant, that he kept the Ethlyn Hotel in the city of Spokane, in the state of Washington; that he saw Sievers and his wife in the hotel between 9 and 10 o'clock on the morning of October 14, 1928, and that he again saw them in the hotel on two other occasions on the afternoon of that day, between the hours of 3 and 5 o'clock. It is conceded that the testimony thus given was material on the trial of the issue then pending before the court, and the indictment charges that the appellant well knew that Sievers was not at the Ethlyn Hotel in the city of Spokane during the afternoon and evening of October 14, 1928, during the time or times the appellant testified that he was there, or at any other time on that day, and that the appellant did not see Sievers during the afternoon of October 14, 1928, in the Ethlyn Hotel, or at any other place in the city of Spokane. It will thus be seen that two statements of the appellant were assigned as perjury: First, that he saw Sievers in the hotel between 9 and 10 o'clock in the morning; and, second, that he again saw him in the hotel twice between the hours of 3 and 5 o'clock in the afternoon. The appellant contends that the burden was on the government to prove that both statements were false and that the testimony was insufficient to warrant a finding that Sievers was not seen in the hotel during the morning, as other testimony tends to show that he was in fact there during that period. This contention cannot be sustained. "Where, as in cases of perjury and of subornation of perjury, several distinct assignments of perjury are made, the indictment will be sustained if any one of these be proved, if that by itself be sufficient to constitute the offense; and two or more statements may be assigned as perjury in the same count of the indictment." Wharton's Criminal Evidence (10th Ed.) § 131. The testimony was ample to show that Sievers was not in the hotel during the afternoon in question, and this was sufficient to sustain the charge, even though the remaining part of the testimony was in fact true.

■ Upon the trial in the court below Sievers testified that he sold intoxicating liquor at Tensed, Idaho, on the afternoon of October 14, 1928, as charged in an information filed against him; that he informed the appellant of that fact and of the further fact that he did not think that any one saw him make the sale. Upon the assurance that no person saw him make the sale, the appellant said: "We will fix up the register to show that you were here on the 13th and 14th, and

didn't check out until the 15th." The register was changed accordingly, and the appellant upon the trial testified to the effect already stated. The witness Sievers testified that the testimony thus given by the appellant was false and untrue. But it is contended that the testimony of a single witness will not sustain a charge of perjury and that the testimony thus given by Sievers was not corroborated. But there is ample testimony in the record, aside from that of Sievers, tending to show that the latter was at Tensed, Idaho, or at least that he was not in Spokane at the time the appellant testified to seeing him there between 3 and 5 o'clock on the afternoon in question.

The petition for rehearing is denied.