**UNITED STATES v. PAYNE.**

No. 7149.

Circuit Court of Appeals, Ninth Circuit.

Aug. 31, 1934.

594

Anthony Savage, U. S. Atty., of Seattle, Wash., De Witt C. Rowland, Asst. Atty. Gen., and Lester E. Pope, Chief Atty., United States Veterans' Administration, of Seattle, Wash., and Tom De Wolfe, Sp. Asst. to Atty. Gen., for the United States.

Wettrick, Wettrick & Flood and George R. Stuntz, all of Seattle, Wash., for appellee.

Before WILBUR, SAWTELLE, and NORCROSS, Circuit Judges.

WILBUR, Circuit Judge.

This is an action on a policy of war risk insurance. At the outset the appellee moves to strike out the bill of exceptions for the reason "that it was neither lodged, presented, settled, signed, filed, nor authenticated within the time provided by law or the rules of the United States District Court for the Western District of Washington nor within the term of court at which the trial herein was had, nor within any valid extension of the term." The bill of exceptions was approved and certified by the judge on April 24, 1933, in pursuance of an agreement of counsel that it contained all the evidence. The verdict was returned December 7, 1932, and the judgment thereon was entered January 23, 1933. The term of court in which the judgment was entered ended February 7, 1933 (28 USCA § 193). The statute provides that terms of court shall be held for the Southern Division of the Western District of Washington at Tacoma on the first Tuesdays in February and July. It follows that the new term of court began on February 7th which was the first Tuesday in February. It is stated in appellee's brief that rule 108 of the District Court provides for an extension of the term "for 30 days beyond its statutory period for further action and proceedings therein, in all causes in which within thirty days prior to the expiration of a term of court an order, judgment or decree has been made or entered." Appellee concedes that the term may be considered to have been automatically extended by this rule to March 9, 1933. The bill of exceptions was certified and approved April 24, 1933, after the expiration of the term as fixed by statute and by rule. Under these circumstances the bill of exceptions should show that the term was extended and the bill settled during the term so extended, as it must affirmatively appear from the record that the trial court had jurisdiction to approve the bill of exceptions. Blisse v. U. S. (C. C. A.) 263 F. 961; Tramel v. U. S. (C. C. A.) 56 F.(2d) 142; Higgins v. Mahoney, 50 Cal. 444; Rossi v. Scott, Magner & Miller, 41 Cal. App. 646, 183 P. 263; Jeremy Fuel & Grain Co. v. D. & R. G. R. R., 59 Utah, 266, 203 P. 863; Dayton v. Free, 46 Utah, 277, 148 P. 408; Carter v. Long, 124 Ala. 330, 27 So. 465; Schoonover v. Reed, 65 Ind. 313; Freeman v. Moffitt (Mo. Sup.) 32 S. W. 300; Reliable Incubator & Brooder Co. v. Stahl (C. C. A.) 102 F. 590. See, also, U. S. v. Jones, 149 U. S. 262, 13 S. Ct. 840, 37 L. Ed. 726; O'Connell v. U. S., 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters, etc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Taylor v. U. S., 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951. The clerk of the District Court, in compliance with the praecipe, certified certain orders extending the term of court for the purpose of settling the bill of exceptions herein, but such orders are not a part of the record and cannot be considered by us. They can only become a part of the record for review by incorporating the same in a bill of exceptions. Chicago Great Western R. Co. v. Le Valley (C. C. A.) 233 F. 384, 387; Felder v. Reeth (C. C. A.) 62 F.(2d) 730. The appellant, upon the argument, requested the issuance of a writ of certiorari for diminution of the record. Such a writ would be unavailing. It cannot bring to the attention of this court matters not a part of the record below; nor after the term in which the judgment was rendered can the trial court incorporate such matters in the bill by way of amendment. Bennett v. Riverland Co. (C. C. A.) 15 F.(2d) 491; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162.

The motion to strike out the bill of exceptions is granted.

The only question remaining for our consideration is the sufficiency of the complaint to support the judgment. This question has not been argued by the parties. We call their attention to the allegations in paragraph 4 of the complaint. The submission is vacated, appellant given thirty days in which to file a brief upon the sole question remaining in the record; the appellee to have thirty days in which to reply. Thereupon the matter to stand submitted.