**SIMS v. DOUGLASS.**

No. 7842.

Circuit Court of Appeals, Ninth Circuit.

March 2, 1936.

Rehearing Denied April 13, 1936.

F. H. Lyman, Henderson Stockton, Emmett R. Feighner, and Eli Gorodezky, all of Phœnix, Ariz., for appellant.

Thomas W. Nealon and Alice M. Birdsall, both of Phœnix, Ariz., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

From a judgment in favor of plaintiff in an action to recover an unlawful preference made by a receiver of bankrupt to defendant, the latter appeals.

Under 28 U.S.C.A. § 143 the terms of court controlling this case begin "on the first Mondays in April and October." The judgment was entered on July 2, 1934, during the April, 1934, term.

The certificate to the bill of exceptions does not contain any statement that the bill of exceptions was settled within the term in which the judgment was rendered, or within such term as extended by order of the court, nor does the certificate contain any words or language from which such facts might be inferred. Orders extending the term do not appear in the bill of exceptions.

The District Court rules for Arizona provide as follows:

"Motions for new trial * * * shall * * * be filed * * * within 15 days after entry of judgment. * * *" (Rule 37)

"A party desiring to have a bill of exceptions settled * * * shall prepare a draft thereof, and after serving a copy * * * file the same within 20 days after the entry of the judgment or order, or where there has been a motion for new trial, within 20 days from date of entry of order overruling such motion. * * * The time within which the bill and amendments are required to be served and filed may be extended by order of court." (Rule 38)

We find from the transcript, but not in the bill of exceptions, that appellant filed a motion for new trial on July 23, 1934; that a minute order was entered on August 13, 1934; "that said motion be * * * by the court taken under advisement." On September 29, 1934, a minute entry was en-

tered continuing all pending matters in the case to the October, 1934, term.

It also appears from the transcript, but not in the bill of exceptions, that a minute order was entered on October 1, 1934, overruling the motion for new trial. Timely orders were entered which extended the April, 1934, term to May 1, 1935. These orders were dated October 1, 1934, November 26, 1934, January 3, 1935, and February 25, 1935, successively extending the time for filing the bill of exceptions, the last one extending the time to April 22, 1935. The bill of exceptions was actually approved and filed on April 9, 1935.

A few days before the argument of the cause in this court, there was filed by appellee a motion to strike the bill of exceptions, and another motion to dismiss the appeal or affirm the judgment. Over a month after the argument, appellant filed a petition in this court to return the bill of exceptions to the trial court to afford him an opportunity to make an application to the trial judge for a nunc pro tunc order amending the certificate to the bill so as to show that the bill was presented, approved, and settled within the term as extended by orders.

■ It is a general rule that if a bill of exceptions is not filed within the term, or within the term as extended by order of court or standing rule, although copied into the record, cannot be considered by the appellate court as a part of the record. Muller v. Ehlers, 91 U.S. 249, 23 L.Ed. 319; Jones v. Grover & B. Sewing Machine Co., 131 U.S. cl Appx., 24 L.Ed. 925; Michigan Insurance Bank v. Eldred, 143 U.S. 293, 12 S.Ct. 450, 36 L.Ed. 162; Hume v. Bowie, 148 U.S. 245, 253, 13 S.Ct. 582, 37 L.Ed. 438; U. S. v. Jones, 149 U.S. 262, 13 S.Ct. 840, 37 L.Ed. 726; Morse v. Anderson, 150 U.S. 156, 14 S.Ct. 43, 37 L.Ed. 1037; Jennings v. Philadelphia, B. & W. R. Co., 218 U.S. 255, 31 S.Ct. 1, 54 L.Ed. 1031; O'Con-

nell v. U. S., 253 U.S. 142, 40 S.Ct. 444, 64 L.Ed. 827; Exporters of Mfrs.' Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663, and in Taylor v. U. S., 286 U.S. 1, 5, 52 S.Ct. 466, 467, 76 L.Ed. 951, where a bill was filed one day late, and there were exceptional circumstances, the court said: "And negativing any intent to relax the general rule, we accept it as adequate and properly incorporated in the record."

The reason for the rule is stated in Muller v. Ehlers, supra, 91 U.S. 249, at page 250, 23 L.Ed. 319, as follows:

Upon the adjournment for the term the parties were out of court, and the litigation there was at an end. The plaintiff was discharged from further attendance; and all proceedings thereafter, in his absence and without his consent, were coram non judice."

In Shallas v. United States (C.C.A.) 37 F.(2d) 692, 693, this court said:

"In his petition for a rehearing, the appellant contends that a motion for a new trial was pending at the time of the final adjournment for the term, and that this motion carried the case over beyond the term for the purpose of settling a bill of exceptions, as well as for the purpose of disposing of the motion for a new trial. This contention is no doubt well supported by authority. [Citations.] "

The first,[1] fifth,[2] sixth,[3] seventh,[4] and eighth[5] circuits have adopted this rule.

These cases, however, do not clearly state whether the term in which the judgment was rendered is automatically extended by the pending motion [see In re Bills of Exceptions (C.C.A.6) 37 F.(2d) 849] or whether the judgment, although entered at an earlier term, is considered for purposes of appeal as having been entered at the term in which decision is given on the motion [see Marion Steam Shovel Co. v. Reeves (C.C.A.8) 76 F.(2d) 462].

---

[1] Slip Scarf Co. v. Wm. Filene's Sons Co., 289 F. 641; Moss v. Sherburne, 11 F.(2d) 579.

[2] U. S. Shipping B. E. F. Corporation v. Galveston Dry Dock & C. Co., 13 F.(2d) 607.

[3] Merchants' Ins. Co. v. Buckner, 98 F. 222, 39 C.C.A. 19; Kentucky Distilleries & Warehouse Co. v. Lillard, 160 F. 34, 87 C.C.A. 190; Mahoning Valley R. Co. v. O'Hara, 196 F. 945, 116 C.C.A. 495; Camden Iron Works Co. v. Sater, 223 F.

611; In re Bills of Exceptions, 37 F.(2d) 849.

[4] Tullis v. Lake Erie & W. R. Co., 105 F. 554, 44 C.C.A. 597.

[5] Woods v. Lindvall, 48 F. 73, 1 C.C.A. 34; Missouri, K. & T. R. Co. v. Russell, 60 F. 501, 9 C.C.A. 108; U. S. v. Carr, 61 F. 802, 10 C.C.A. 80; O. J. Moore Grocer Co. v. Pacific Rice Mills, 296 F. 828; Marion Steam Shovel Co. v. Reeves, 76 F.(2d) 462.

In Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 36, 14 S.Ct. 4, 6, 37 L.Ed. 986, it is said:

"The rule is that if a motion or a petition for rehearing is made or presented in season, and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. [Citations.] * * *

"If this petition for rehearing was filed in season, and entertained by the court, then the decree, although entered in form, did not discharge the parties from their attendance in the cause, and they were bound to follow the petition thus pending to the next term. The suit was thereby prolonged until the application was disposed of in the regular course of proceeding. This is expressly so ruled in Phillips v. Ordway (Goddard v. Ordway), supra [101 U.S. 745, 25 L.Ed. 1040]."

And in Voorhees v. John T. Noye Manufacturing Co., 151 U.S. 135, 137, 14 S.Ct. 295, 38 L.Ed. 101, it is said:

"The appeal was allowed January 7, 1891, but the decree did not take final effect as of that date for the purposes of an appeal, nor until February 17, 1892, because the application for rehearing was entertained by the court, filed within the time granted for that purpose, and not disposed of until then. Aspen Min. & Smelt. Co. v. Billings, 150 U.S. 31, 14 S.Ct. 4 [37 L. Ed. 986]."

■ The same rule should govern motions for rehearings and motions for new trials. It thus appears that the date of entry of the judgment, although it may actually be entered at a prior date, is not, for purposes of appeal, considered as having been entered at the earlier date, but is considered as having been entered on the date when the motion for new trial is disposed of by the lower court.

It frequently happens that an order is entered extending the time within which a bill of exceptions may be filed, but no order is entered extending the term. In Morrissey v. U. S., 67 F.(2d) 267, 268, this court said:

"It has been held in numerous cases by the Circuit Court of Appeals in other circuits that the extension of time for filing of bills of exceptions operated to extend the term for the purpose of settling the bill. [Citations.] The same rule would be applicable to orders extending time for serving proposed amendments." See, also, U. S. v. Tucker (C.C.A.4) 65 F.(2d) 661.

Few cases discuss the question as to whether or not such an order has the same effect as a pending motion for new trial, although the quotation would indicate that it is the term in which the judgment is rendered which is extended.

■ However that may be, it is clear that the trial court in this case had not lost jurisdiction. Although orders extended the April, 1934, term, it was the October, 1934, term which last had jurisdiction, because the motion for new trial was continued to and decided in the October, 1934, term. There was no necessity for extending the April, 1934, term. The orders extending the time for filing the bill of exceptions entered thereafter, operated to extend the October, 1934, term, and therefore the bill was filed in time.

Two questions immediately arise. The first is: Must such fact affirmatively appear from the record? The second is: If the fact, that the bill of exceptions was filed in time, must affirmatively appear from the record, just what constitutes the record?

■ This court has held that "it must affirmatively appear from the record that the trial court had jurisdiction to approve the bill of exceptions." U. S. v. Payne, 72 F.(2d) 593, 594, certiorari granted 295 U.S. 722, 55 S.Ct. 642, 79 L.Ed. 1675, and dismissed per stipulation of counsel 56 S.Ct. 87, 80 L.Ed. ——. This seems to be the rule in the second,[6] seventh,[7] eighth,[8] and tenth,[9] circuits also.

■ We pass to a consideration of the second proposition which is: What constitutes the "record" on appeal?

In 4 C.J. 98, § 1073, it is said:

" * * * In an ordinary civil action the record proper consists of the process, with the return thereon, the pleadings, and

[6] Blisse v. U. S., 263 F. 961; Ulmer v. U. S., 266 F. 176; Kreiner v. U. S., 11 F.(2d) 722.

[7] Reliable Incubator & Brooder Co. v. Stahl, 102 F. 590, 42 C.C.A. 522.

[8] U. S. v. Carr, 61 F. 802, 10 C.C.A. 80; La Grotta v. U. S., 77 F.(2d) 673.

[9] Tramel v. U. S., 56 F.(2d) 142, 143.

verdict, if tried by a jury, or the decision if tried by the court, and the judgment. * * *"

See, also, Cassatt v. Mitchell Coal & Coke Co. (C.C.A.3) 150 F. 32, 81 C.C.A. 80, 10 L.R.A.(N.S.) 99; Eldorado Coal & Mining Co. v. Mariotti (C.C.A.7) 215 F. 51, 54.

In 4 C.J. 216, § 1813, it is said:

"In federal courts the right to bills of exceptions in a civil case at law has always been recognized, although there is no statute expressly conferring the right, and it has never been questioned that, when allowed, they constitute a part of the record brought up to an appellate court by a writ of error."

In considering whether or not the record affirmatively shows that the trial court had jurisdiction, this court has held that the certificate of the trial judge to the bill of exceptions showing such fact is sufficient. U. S. v. Paul, 76 F.(2d) 132; Welch v. St. Helens Petroleum Co., Ltd., 78 F. (2d) 631; U. S. v. Alcorn, 80 F.(2d) 487 decided by this court December 6, 1935. The judge's certificate is a part of the bill of exceptions, and is therefore a part of the "record."

Where, however, there is no such certificate, but there are orders showing the bill was settled in time, and such orders are not made a part of the bill of exceptions, but are printed in the transcript, may the appellate court consider such orders? This court has held that no consideration can be given such orders, because they are not a part of the record. U. S. v. Payne, supra. To the same effect are: Blisse v. U. S. (C.C.A.2) supra; Kreiner v. U. S. (C.C. A.2) supra; Reliable Incubator & Brooder Co. v. Stahl (C.C.A.7) supra; Tramel v. U. S. (C.C.A.10), supra; and 4 C.J. 100, §§ 1704, 1705. However, the Eighth Circuit refused to follow the rule in the Payne Case, and held that the court could consider the orders printed in the transcript although they were not a part of the bill of exceptions. La Grotta v. U. S. (C.C.A.) 77 F. (2d) 673.

In the instant case, the rule of U. S. v. Payne, supra, prevents any consideration of the orders, and therefore the record does not affirmatively show that the trial judge had jurisdiction to allow the bill.

■ As to amendment of the bill of exceptions, it was said in Michigan Insurance Bank v. Eldred, 143 U.S. 293, 298, 12 S. Ct. 450, 452, 36 L.Ed. 162.:

"After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. [Citations.]

"The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of, and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. [Citations.] Any fault or omission in framing or tendering a bill of exceptions, being the act of the party, and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk, in recording inaccurately or omitting to record an order of the court, might be. [Citations.]" See, also, Exporters of Mfrs.' Products v. Butterworth-Judson Co., supra.

In Ohl & Co. v. A. L. Smith Iron Works, 288 U.S. 170, 174, 53 S.Ct. 340, 341, 77 L.Ed. 681, concerning bills of exceptions, the court said: "A defect or inaccuracy in mere matters of form can be corrected, notwithstanding the end of the term." However, there is nothing in that opinion which indicates that the Supreme Court receded from the view, formerly expressed, that an omission cannot be supplied by amendment.

In U. S. v. Payne, supra, this court held that the "record" could not be amended so as to affirmatively show that the bill was filed in time, by incorporating in the bill of exceptions the orders of extension of time for filing the bill. The same rule would be applicable to a proposed amendment of the certificate, because in either case an omission is being supplied by amendment after the trial judge has lost jurisdiction.

■ There is then only one question for our consideration. That question is: Is the complaint sufficient to support the judgment? Appellant in his brief says: "No question is raised on this appeal in conse-

quence of said demurrer [to complaint] being overruled. * * *" We believe the complaint is sufficient, and therefore the judgment is affirmed.

### On Petition for Rehearing.

**PER CURIAM.**

The bill of exceptions in this case was filed, settled, and approved after the expiration of the term at which judgment was rendered. It does not appear from the bill or from the judge's certificate appended thereto that the term had been extended for that purpose. Appellee moved, on these grounds to strike the bill from the record, citing United States v. Payne (C.C.A. 9) 72 F.(2d) 593. Appellant petitioned this court to return the bill to the District Court to afford appellant an opportunity to apply to that court for a nunc pro tunc order amending the certificate to show what appellant claims to be the fact, namely, that the bill was settled within the time prescribed by law, as extended by **court orders,** citing Patrick v. United States (C.C.A. 9) 77 F.(2d) 442. We denied appellant's petition, granted appellee's motion, and affirmed the judgment. Appellant has petitioned for a rehearing.

Assuming the fact to be as represented by appellant, and that, if returned to the District Court, the judge's certificate could and would be amended to show that the bill was settled in time, still the judgment would have to be affirmed, for the following reasons:

The case was tried by the court, without a jury; trial by jury having been expressly waived. The trial court made no special finding of facts. The judgment was based on a general finding in appellee's favor. All the questions raised on this appeal relate to the sufficiency of the evidence to sustain the judgment. The bill does not indicate that appellant requested any special finding of facts, or that he requested a ruling on any proposition of law, or that he demurred to the evidence or moved for judgment in his favor, or that he otherwise attempted to raise in the trial court any of the questions now raised in this court. Not having been raised in the trial court, these questions cannot be considered on appeal. Fleischmann Co. v. United States, 270 U.S. 349, 355, 46 S.Ct. 284, 70 L.Ed. 624.

Rehearing denied.